IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Palestro, ) | C/A No.: 1:16-707-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      The sole issue in this Report and Recommendation is whether Frank Palestro, ("Plaintiff"), should be required to pay the filing fee, or whether Plaintiff's financial condition justifies waiver of the payment. Plaintiff has commenced this action pursuant to 42 U.S.C. § 405(g) requesting review of the Commissioner of Social Security's decision denying her application for disability benefits. All pretrial proceedings in this matter were referred to the undersigned pursuant to Local Civ. Rule 73.02(B)(2)(a) (D.S.C.). For the reasons that follow, the undersigned recommends denying Plaintiff's request for indigent status.

I.      Procedural Background

      Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Form AO-240). [ECF No. 3]. In the Form AO-240, Plaintiff states that he receives a NYPD pension of $6419.91 per month and VA compensation of $1227.09 per month. *Id.* at 1. Plaintiff indicates that that he has a home and two cars with a combined

worth of $320,000, and he pays a total of $3191 per month for his mortgage, utilities, and car payment. *Id*. at 2.

II.     Discussion

Grants or denials of applications to proceed in forma pauperis are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed in forma pauperis.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled that a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id*. at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits this Report and Recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.

---

[1] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed in forma pauperis is in the district court. *Gent v. Radford University*, 187 F.3d 629 (Table), 1999 WL 503537, *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id.*

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his "impecunity"?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Id.* at 943; *see also Abbot v. Commissioner of Social Security*, C/A No. 4:10-2253-JFA-TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, C/A No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007).

Upon review of the information before the court, and mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of $400 (including a $50 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Carter*, 452 F. Supp. at 942 (holding Plaintiff was not indigent

because he had the right to collect a judgment of $5,486.76); *see also Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (finding $450.00 in savings sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs).  Therefore, the undersigned recommends Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3] be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.  If the district judge accepts this recommendation, Plaintiff would have 14 days from the date of the order denying to submit the required filing fee.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

March 7, 2016                                             Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).